Jon M. Leader  (SBN: 147059)
E-Mail: jleader@llaw.la
Leader Counsel
1990 South Bundy Drive, Suite 390
Los Angeles, CA  90025
Telephone:   (310) 696-3300
Telecopy:     (310) 696-3305

Karen J. Bernstein (*Pro Hac Vice*)
E-Mail: kjb@bernsteinip.com
Bernstein IP
200 Park Avenue, Suite 1700
New York, New York 10166
Telephone: (212) 339-9955
Telecopy:   (212) 682-0278

Attorneys for Plaintiff/Counterdefendant CBD Jeans, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CBD JEANS, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>REVENGE DESIGNS, INC., a Nevada corporation; CARTEL BLUE, INC.; a Wyoming corporation; DAVID THOMAS RHODES, an individual; and DOES 1- 40,<br><br>Defendants. | Case No.:  2:15-cv-7052-PSG-JC<br><br>**DISCOVERY MATTER**<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**<br><br>Complaint Filed:  September 4, 2015 |

| | |
|---|---|
| 1 | DAVID RHODES, an individual, |
| 2 | Counterclaimant, |
| 3 | |
| 4 | vs. |
| 5 | CBD JEANS, INC., a Nevada corporation, |
| 6 | |
| 7 | Counterdefendant. |

WHEREAS, during discovery in this Action, Plaintiff/Counterdefendant CBD Jeans, Inc. ("CBD"), Defendants Revenge Design, Inc., Cartel Blue, Inc. and David Thomas Rhodes ("Defendants"), together the "Parties," may be requested to provide certain documents, things, responses to requests for admission, responses to interrogatories, and/or testimony that each of them contends may contain trade secrets or other confidential, commercial, financial and/or proprietary information.

WHEREAS, the Parties wish to protect such information from inappropriate disclosure;   IT IS HEREBY STIPULATED by and between the Parties, through their respective counsel, that a protective order may be entered in the above-captioned proceeding that shall govern the handling of all information contained in documents, deposition testimony, depositions, exhibits, and any other written, recorded or graphic material, hereinafter referred to as "Discovery Material" produced by any party, or obtained by any party hereto from a non-party witness in connection with this Action, whether or not in response to a formal discovery request. The provisions of this Confidentiality Stipulation and Protective Order ("Protective Order") shall also apply to any non-party who provides Discovery Material and agrees in writing to be bound to the terms of this Protective Order. References to a "Party" or "Parties" herein shall also include such non-parties.

1. This Protective Order governs the designation, disclosure and use of confidential and highly confidential information in the above-identified action and

any appeals or retrials through final judgment. This Protective Order shall govern until modified or superseded by a further order of this Court.

2. "CONFIDENTIAL INFORMATION" and "HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY" shall mean information so designated in compliance with this Protective Order. Information so designated may be (without limitation) all or part of a document or thing, testimony, interrogatory, response, admission or other form of evidence or discovery.

3. Any person, including non-parties, producing documents, information, or other materials in this Action ("Producing Party") may designate as CONFIDENTIAL INFORMATION any information, thing, testimony, answers, documents, or other Discovery Material of a confidential, sensitive nature that (a) the Producing Party and its counsel (if the Party is represented by counsel) reasonably and in good faith believe is in fact confidential; or (b) has only been disclosed pursuant to a protective order or non-disclosure agreement.

4. Any Producing Party may designate as HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY any information that such Party and its counsel (if the Party is represented by counsel) believe in good faith is of a particularly sensitive nature and type that could be readily exploited for commercial advantage by a competitor including, without limitation, (i) proprietary trade secrets or competitively sensitive data, (ii) customer lists, (iii) customer information, (iv) business, product or marketing plans, (v) cost data, (vi) pricing information, (vii) internal training materials, (vii) market studies or forecasts, (ix) nonpublic financial data, (x) information concerning development activities for products, (xi) non-public technical information for products, (xii) information protected by statute or privacy laws and (xiii) research or development or other activities or other non-public information concerning or relating to current or future products.

5. A Producing Party may designate Discovery Material as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY at the time it produces the material. In the case of deposition testimony, the testimony or any portion thereof may be so designated at the deposition or within fifteen (15) days after preparation of the transcript of the deposition and transmission of the transcript to designating counsel by the deposition reporter.

6. CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY shall be designated during discovery by the following procedure:

(a) When a document to be produced for inspection contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY, the Producing Party shall so notify the Inspecting Party by designating the document as described in this Protective Order. A document produced for inspection for which such notice has been given shall be inspected only by persons authorized to receive such information as provided herein.

(b) The Producing Party shall designate documents as containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY by marking, according to the provisions of this Protective Order, each page of the copy that is or contains such information. If any page of a multi-page document is designated, the Producing Party shall also indicate on the first page of the document that it contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY.

(c) In the case of information produced in electronic media, such as CDs or DVDs, the designation shall be made by placing the designation on the exterior of the CD, DVD, or other media. When information is printed out from such media, the

Receiving Party shall ensure that each page of all copies of the printed-out materials contains the appropriate designation.

   (d)   When deposition testimony is or contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY, any attorney of record present may so designate that by notifying others present on the record of the deposition.  The deposition reporter shall then so mark each page of the transcript that reports designated testimony.  Alternatively, any Party may, until and including fifteen (15) days after transmission of a copy of said deposition transcript by the deposition reporter, designate by page and line or exhibit description those portions of the transcript or exhibits which contain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY.  All transcripts and exhibits from depositions taken in this Action shall be deemed to contain HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY until and including fifteen (15) days transmission of said deposition transcript to all counsel of record for the Parties by the deposition reporter.

   (e)   When responses to interrogatories or requests to admit contain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY, the responding Party shall so mark the cover page and each succeeding page of its response that contain such information pursuant to this Protective Order.

   7.   CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY shall be marked pursuant to this Protective Order by the placement of an appropriate stamp, sticker or other indicia of substantially the following form:

   CONFIDENTIAL INFORMATION; or

   HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY.

8. (a) Any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY, or any document incorporating such information, that is filed or lodged with the Court shall be filed or lodged with the Court in accordance with the procedures to file or lodge documents under seal, as set forth in the Local Rules of this Court.

(b) A copy of all material filed or lodged with the Court under seal, redacted to remove all confidential information, shall be placed in the public court file. Any interested member of the public (*i.e.*, non-parties or employees or affiliates of a Party) may challenge the filing under seal and, in the event of such a challenge, the Party asserting confidentiality shall have the burden of persuasion.

(c) For any papers to be filed with the Court pursuant to this Protective Order, the Receiving Party shall file an application to file the papers or the portion thereof containing the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY (if such portion is segregable) under seal; and that application shall be directed to the judge to whom the papers are directed.  All Parties shall cooperate in good faith to seek an expedited ruling on the application.

9. CONFIDENTIAL INFORMATION may be disclosed only to persons in the following categories who have the actual need to review CONFIDENTIAL INFORMATION:

(a) outside attorneys and their working staff handling this matter for a law firm with an appearance for a Party in this Action;

(b) the Parties, employees, or consultants of a Party to this Action, provided that, before any CONFIDENTIAL INFORMATION is disclosed to any such individual, counsel desiring to disclose CONFIDENTIAL INFORMATION to such individual shall first obtain from such individual a signed Undertaking in the form of Appendix A hereto.  Counsel shall maintain the original signed Undertakings in accordance with this Protective Order, and deliver them to the

Court for *in camera* inspection as may be directed by the Court;

(c) outside experts or consultants (*i.e.*, not a Party or its current employees or affiliates) and their support staff, retained by counsel of record in this Action, but only to the extent reasonably deemed necessary by such counsel of record, provided that, before any CONFIDENTIAL INFORMATION is disclosed to any such outside expert, advisor or consultant or their support staff, counsel desiring to disclose CONFIDENTIAL INFORMATION to such outside expert, advisor or consultant or their working staff shall first obtain from such individual a signed Undertaking in the form of Exhibit A hereto.  Counsel shall maintain the original signed Undertakings in accordance with this Protective Order, deliver them to the Court for *in camera* inspection as may be directed by the Court, and deliver them to counsel for Producing Party upon entry of final judgment or dismissal in this Action;

(d) the Court, the Court's staff, and court reporters/videographers retained to record and/or transcribe testimony in this Action;

(e) any representative of the Party producing the CONFIDENTIAL INFORMATION to the extent the representative has authority to access such information;

(f) personnel of outside photocopy firms or graphics firms (*i.e.*, not Parties or current employees or affiliates of a Party) engaged by a Party;

(g) a former employee or former consultant of the Party producing the CONFIDENTIAL INFORMATION who authored, received or was shown the information during his or her employment by the Producing Party.  This paragraph will not prevent the disclosure, during a deposition, of a document containing CONFIDENTIAL INFORMATION to a deponent who was an employee of the Producing Party when that document was created.  Such deponent may be shown such document during the course of his or her deposition for the limited purpose of determining whether that document was authored, received by or shown to that deponent during his or her employment by the Party.  If the former employee

1 authored, received or was shown the document during his or her employment by the Producing Party during this transactions at issue in this litigation, he or she may be subject to further examination regarding that document; and/or,

(h) any third party who authored, received or was shown documents marked by a Producing Party as CONFIDENTIAL INFORMATION in the course of his or her activities relating to the transactions at issue in this litigation. This paragraph will not prevent the disclosure, during a deposition, of a document containing CONFIDENTIAL INFORMATION to a deponent who authored, received or was shown the document in the course of his or her activities relating to the transactions at issue in this litigation when that document was created. Such deponent may be shown such document during the course of his or her deposition for the limited purpose of determining whether that document was authored, received by or shown to that deponent in the course of that deponent's activities relating to the transactions at issue in this litigation. If the third party authored, received or was shown the document in the course of that deponent's activities relating to the transactions at issue in this litigation, he or she may be subject to further examination regarding that document.

10. HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY may be disclosed only to persons in the following categories who have the actual need to review HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY:

(a) outside attorneys and their working staff handling this matter for a law firm with an appearance for a Party in this Action;

(b) outside experts or consultants (*i.e.*, not a Party or its past or current employees or affiliates) and their support staff, retained by counsel of record in this Action, but only to the extent reasonably deemed necessary by such counsel of record, provided that, before any HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY is disclosed to any such outside expert, advisor or

consultant or their support staff, counsel desiring to disclose HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY to such outside expert, advisor or consultant or their working staff shall first obtain from such individual a signed Undertaking in the form of Exhibit A hereto.  Counsel shall maintain the original signed Undertakings in accordance with this Protective Order, deliver them to the Court for *in camera* inspection as may be directed by the Court, and deliver them to counsel for Producing Party upon entry of final judgment or dismissal in this Action;

(c) the Court, the Court's staff, and court reporters/videographers retained to record and/or transcribe testimony in this Action;

(d) any representative of the Party that produced the HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY to the extent the representative has authority to access such information;

(e) personnel of outside photocopy firms or graphics firms (*i.e.*, not Parties or current employees or affiliates of a Party) engaged by a Party;

(f) a former employee or former consultant of the Party producing the HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY who authored, received or was shown the information during his or her employment by the Producing Party.  This paragraph will not prevent the disclosure, during a deposition, of a document containing HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY to a deponent who was an employee of the Producing Party when that document was created.  Such deponent may be shown such document during the course of his or her deposition for the limited purpose of determining whether that document was authored, received by or shown to that deponent during his or her employment by the Party.  If the former employee authored, received or was shown the document during his or her employment by the Producing Party during this transactions at issue in this litigation, he or she may be subject to further examination regarding that document; and/or,

9
**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

(g) any third party who authored, received or was shown documents marked by a Producing Party as HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY in the course of his or her activities relating to the transactions at issue in this litigation.  This paragraph will not prevent the disclosure, during a deposition, of a document containing HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY to a deponent who authored, received or was shown the document in the course of his or her activities relating to the transactions at issue in this litigation when that document was created.  Such deponent may be shown such document during the course of his or her deposition for the limited purpose of determining whether that document was authored, received by or shown to that deponent in the course of that deponent's activities relating to the transactions at issue in this litigation. If the third party authored, received or was shown the document in the course of that deponent's activities relating to the transactions at issue in this litigation, he or she may be subject to further examination regarding that document.

11. (a) The substance or content of any CONFIDENTIAL INFORMATION, as well as any notes, abstracts, copies, summaries and memoranda relating thereto shall not be disclosed to or accessible by anyone other than a person qualified to obtain CONFIDENTIAL INFORMATION pursuant to this Protective Order, and any such notes, abstracts, copies, summaries and memoranda shall be treated as CONFIDENTIAL INFORMATION in all respects.

(b) The substance or content of any HIGHLY CONFIDENTIAL INFORMATION —ATTORNEYS' EYES ONLY, as well as any notes, abstracts, copies, summaries and memoranda relating thereto shall not be disclosed to or accessible by anyone other than a person qualified to obtain HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY pursuant to this Protective Order, and any such notes, abstracts, copies, summaries and memoranda shall be treated as HIGHLY CONFIDENTIAL INFORMATION —

ATTORNEYS' EYES ONLY in all respects.

(c) Notwithstanding the restrictions of this paragraph, an attorney qualified to receive CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY under this Protective Order shall not be precluded from rendering legal advice to or discussing with his or her client in this litigation the merits of any issue in this litigation, as long as the specific substance or content of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY is not revealed to a person not qualified to receive such information under the terms of this Protective Order.

12. CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY shall be used solely in preparation for discovery, motions, trial or any appeal(s) in this Action, and for no other action, dispute or claim.  Except as otherwise provided in this Protective Order, these materials shall not be used or disclosed at any other time or for any other purpose whatsoever.

13. Information acquired from the opposing side that is designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY may be used by the recipient only for this Action and not for any business purpose, or for publicity, or for any purpose other than pursuit of its claims in this Court.  Such material may not be used or published in press releases, interviews, advertising, or communications with customers of the Producing or Receiving Parties.

14. Except as provided in this Protective Order, it shall be the duty and responsibility of counsel of record to ensure that items containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY subject to counsel's control shall at all times be kept in a safe and secure fashion to ensure that such information is not disclosed to or made

accessible to persons other than those specifically authorized to review such information under this Protective Order and all copies of such information shall not be kept on any of the premises of the Receiving Party.  Counsel of record shall be directly responsible to the Court for fulfilling these responsibilities.

15. Inadvertent or unintended disclosure by a Party of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY including, but not limited to, inadvertent failure to designate as confidential or privileged such Discovery Material within the time periods prescribed by this Protective Order, shall not be a waiver in whole or in part of a subsequent claim of privilege or protection under this Protective Order, either as to the specific information disclosed or any other information, provided the inadvertent or unintended disclosure is promptly identified after discovery by the Producing Party and notice of the claim of privilege or protection is given to the other Parties.  A Party receiving notice of a changed designation or claim of privilege shall take reasonable steps to comply with such designation, including the retrieval of items distributed in a manner inconsistent with the new designation.

16. A Party is not obligated to challenge the propriety of any designation of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION ATTORNEYS' – EYES ONLY at the time of designation and a failure to do so shall not preclude a subsequent challenge to the designation.  If a Party objects to a designation of such information, the Parties shall first try to resolve the dispute in good faith on an informal basis.  If the dispute cannot be resolved informally, the objecting Party may seek appropriate relief from the Court by filing a Joint Stipulation pursuant to Local Rules 37-1 and 37-2 and by following the Court's orders concerning the attorneys' meet and confer procedures.  The burden of showing entitlement to a designation is on the Producing Party.  Pending resolution of an objection, the designated material shall be treated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION — ATTORNEYS' EYES ONLY in accordance with the designation.

17. Within forty-five (45) days after termination of this Action, including all appeals thereof, the originals and all copies of any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY received by any Party, its attorney, or third-parties shall be destroyed or given to the Party that produced such information or to its attorney. A copy of all court filings, discovery responses, and court and deposition transcripts (including exhibits) may be retained in the files of outside counsel for the Parties. Similarly, correspondence, electronic drafts, written discovery responses, expert reports and attorney notes containing any such information may be retained by outside counsel. Any information retained shall be maintained pursuant to this Protective Order, and by retaining the information, outside counsel agrees to the continuing jurisdiction of the Court for purposes of enforcing this Protective Order.

18. Parties shall provide a certification in writing to all other Parties in this Action that they have complied with the requirements of this Protective Order within sixty (60) days of the termination of this Action.

19. Unless otherwise directed by the Court, counsel of record for each Party shall maintain the original signed Undertakings provided to such counsel under this Protective Order until after entry of final judgment or dismissal in this Action. Unless otherwise directed by the Court, counsel of record responsible for retention of outside experts, advisors or consultants and their support staff under this Protective Order shall maintain the original signed Undertakings for such individuals retained by that counsel until entry of final judgment or dismissal. Counsel of record for each Party shall also make reasonable effort to ensure that all persons or entities that have been provided CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY provided under the provisions of this Protective Order comply with the obligations

of this Protective Order. This includes, among other things, an obligation by counsel of record for each Party to make every reasonable effort to ensure that consultants or experts retained by that Party comply with this Protective Order.

20. Should any Party or person qualified to obtain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY hereunder, or their agents or representatives, receive a request for such information produced in this Action, whether through formal compulsory process, lawful authority of the court or otherwise, prior to responding thereto, such person or counsel shall promptly serve written notice of receipt of same on counsel for all Parties hereto to allow said Party to move an appropriate court or tribunal for a ruling respecting the necessity of compliance therewith.

21. If any designated material is disclosed to any person other than as authorized by this Protective Order, the Party learning of the disclosure will immediately bring all pertinent facts relating to such disclosure to the attention of the designating Party. The Party learning of the disclosure will make every reasonable effort to retrieve the improperly disclosed material and to prevent further unauthorized disclosure on its own part, and will also make every reasonable effort to prevent further use and disclosure on the part of the unauthorized recipient of such information or material.

22. If the discovery process calls for the production of information that a Party does not wish to produce because the Party believes its disclosure would breach an express or implied agreement with a third party to maintain such information in confidence, the Party requested to produce the information shall promptly give written notice to the third party that its information is subject to discovery in this litigation, and shall provide the third party with a copy of this Protective Order. Unless otherwise provided in an express written agreement between the Party requested to provide the information and the third party, and when the above-referenced written notice is given to the third party, the Party

requested to produce the information will advise the potential Receiving Party that such notice has been given. The third party shall have twenty-one (21) days from receipt of such written notice in which to seek relief from the Court, if the third party so desires. If the twenty-one (21) days elapse without the third party seeking relief from the Court, the requested information shall be produced in accordance with the terms of this Protective Order. Notwithstanding the foregoing, if there is an express written agreement between the Party requested to produce the information and the third party, the provisions of that written agreement shall control with respect to the production of materials governed by that written agreement, unless otherwise ordered by the Court. Nothing in this Order shall be construed as authorizing a Party to disobey a lawful subpoena issued in another action.

23. Upon final termination of this Action, whether by settlement, dismissal or other disposition, the provisions of this Protective Order shall continue to be binding upon all persons or entities who are subject to the terms hereof, and the Court shall retain jurisdiction for enforcement of this Protective Order.

24. The Parties agree to be bound by the terms of this Protective Order prior to its entry by the Court such that they may begin marking and producing documents pursuant to the terms herein immediately.

25. Nothing in this Protective Order prevents a Party from disclosing its own documents and information as it sees fit. Parties may also agree among themselves in a signed writing to permit access to their own documents and information notwithstanding this Protective Order. Such agreements may be submitted to the Court for entry as an order.

26. Third parties who are requested to produce documents or things or provide testimony in this Action may avail themselves of the provisions of this Protective Order and designate documents, things or testimony containing confidential information in accordance with the provisions of this Protective Order.

27. Any Party may apply to the Court for additional protection or disclosure beyond the terms of this Protective Order as that Party may consider appropriate, including such information that it may have relating to third parties to this Action. Similarly, any Party may apply to the Court for relief from the provisions of this Protective Order at any time.

28. Nothing in this Protective Order shall be deemed to be, or construed as, an admission that any confidential information or Discovery Material is relevant or otherwise admissible in evidence, and the Parties expressly reserve all objections as to the admissibility, authenticity and/or relevance of any confidential information or Discovery Material at trial.

29. The restrictions and obligations set forth herein relating to confidential information shall not apply to any information which (i) is already public knowledge, (ii) becomes public knowledge other than as a result of disclosure by a Receiving Party or (iii) has come or shall come into the Receiving Party's legitimate possession independently of the Producing Party. The Party seeking to use information designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY outside of the Action shall have the burden of proving that it is entitled to the use of such information.

This Protective Order does not govern the use of any material at trial or in other public proceedings before the Court. Prior to any trial, the Parties shall meet and confer in good faith to determine a method for introducing at trial documents and materials that have been designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY. The Parties shall also agree to remove any and all legends designating any documents and materials as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY that may be introduced into evidence at trial prior to the members of the jury viewing such

documents and materials.  The Parties shall submit their proposed method to the Court for approval.

BERNSTEIN IP

Dated: January 14, 2016

By: /s/Karen J. Bernstein
Karen J. Bernstein (*pro hac vice*)
Attorneys for Plaintiff/Counterdefendant
CBD Jeans, Inc.

LEADER COUNSEL

Dated: January 14, 2016

By: /s/Jon M. Leader
Jon M. Leader (SBN 147059)
Attorneys for Plaintiff/Counterdefendant
CBD Jeans, Inc.

MANDOUR & ASSOCIATES, APC

Dated: January 14, 2016

By: /s/Ben T. Lila
Ben T. Lila (SBN 246808)
Attorneys for Defendants
Revenge Designs, Inc., Cartel Blue, Inc.
and David Thomas Rhodes

**IT IS SO ORDERED with the clarification that the obligations contained in Paragraph 17 (e.g., destruction/return of materials) do not apply to materials in the possession of the Court/Court personnel.**

Dated:  January 14, 2016         /s/ Jacqueline Chooljian
United States Magistrate Judge

17
**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

*CBD Jeans, Inc. v. Revenge Designs, Inc., et al.*

United States District Court for the Central District of California

Case No. CV 15-07052 PSG (JCx)

# APPENDIX A: ACKNOWLEDGMENT OF STIPULATED PROTECTIVE ORDER

1. My full name is: _____

2. My address is: _____

3. My present employer is: _____

4. My job description is: _____

5. My prior regular employment, or past or present regular employment, with any party to the above-referenced case is: _____
_____
_____

6. I also serve as an employee, agent, officer or director of the following entities: _____

7. I request access to the following types of information designated under the protective order in this case (check each that applies):

____ CONFIDENTIAL INFORMATION

____ HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY

8. I received, read, and understand the Stipulated Protective Order in the above-referenced case, I will comply with all of its provisions, and I agree to be bound by its terms.

9. I will not disclose CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY to anyone who is not qualified to access that information under the Stipulated Protective Order and will only use such information for this case.

10. At the end of this case or upon request, I will return all CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY, and all documents or things I have prepared relating to such information, to an attorney representing the party that employed or retained me.

11. I submit to the jurisdiction of this Court to enforce the terms of this Order.

Date:

_____     _____